IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AJA McCONNICO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 15-0514-KD-B |
| | ) | |
| GUYOUNG TECH USA, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 32), Defendant's Brief in Support of Its Motion for Summary Judgment (Doc. 33), Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment (Doc. 40), and Defendant's Reply Brief (Doc. 42). Upon consideration of these submissions, all evidentiary materials submitted, and the relevant law, the Court finds that Defendant's Motion for Summary Judgment is due to be **DENIED**, as discussed herein.

**I. Introduction**

Plaintiff was hired by Defendant Guyoungtech to work on its production line on June 23, 2014, when she was approximately three months pregnant. (Doc. 35-1 at 3; Doc. 34-1 at 74). She was terminated on July 11, 2014. (Doc. 35-1 at 4; Doc. 34-1 at 90-91). On August 11, 2014, Plaintiff filed a complaint alleging sex-pregnancy discrimination with the Equal Employment Opportunity Commission, which issued a notice of a right to sue on July 10, 2015. (Doc. 1 at 1). Plaintiff filed her complaint in this action on October 8, 2015, asserting that Defendant terminated her employment on or about July 11, 2014 for a discriminatory reason, her pregnancy, in violation of Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the 1991 Civil Rights Act, 42 U.S.C. § 1201 *et seq*. Defendant filed its Motion for Summary Judgment based on the ground that Plaintiff has not submitted evidence that her termination was based on her pregnancy and, therefore, can not prevail on her Title VII claim. (Doc. 33).

## II.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). Rule 56(c) provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> *(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> *(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. Rule 56(c).

Defendant, as the party seeking summary judgment, bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the movant is entitled to summary judgment. *Celotex*, 477 U.S. at 323. In assessing whether the nonmoving party has met its burden, "the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter….Instead, '[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998-99 (11th Cir. 1992).

The mere existence of a factual dispute will not automatically necessitate denial; rather, only factual disputes that are material preclude entry of summary judgment. *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004). Likewise, conclusory allegations are insufficient to create a genuine issue of material fact and, therefore, do not suffice to defeat a motion for summary judgment. *See Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997)("conclusory assertions…, in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment"). "After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *AGSouth Genetics, LLC v. Cunningham*, No. CA 09-745-C, 2011 WL 1833016, at *2 (S.D. Ala. May 13, 2011).

### III. Facts

The relevant facts, taken in the light most favorable to Plaintiff, show as follows:

Plaintiff was hired to work on the LFA line in the Assembly department at Defendant Guyoungtech, a company located in Castleberry, Alabama that manufactures and supplies automotive parts to Hyundai Motors Manufacturing Alabama ("HMMA"), on June 23, 2014. (Doc. 34-1 at 67-68, 74; 35-1 at 1, 3; Doc. 36-1 at 1, 3). Plaintiff was hired by Sophia Dukes, the Assistant Production Manager of the Assembly department. (Doc. 34-1 at 64-66; Doc. 35-1 at 3; Doc. 36-1 at 1). Plaintiff was pregnant at the time she was hired, but was not showing. (Doc. 34-1 at 74). On July 7, 2014, Plaintiff began working the night shift. (Doc. 34-1 at 71-72). Plaintiff worked in Left Front Assembly ("LFA") on a production line, putting parts onto a robot. (Doc. 34-1 at 66-67). Plaintiff was able to do her job and was a good worker who performed her duties correctly. (Doc. 34-1 at 89-90; Doc. 37-1 at 2).

Dukes had various Team Leaders who reported to her. (Doc. 35-1 at 3). At Guyoungtech, Team Leaders are hourly, non-management employees, and they do not have the authority to hire or fire employees. (Doc. 35-1 at 4; Doc. 36-1 at 3). The Team Leader of the night shift on the LFA line during the time Plaintiff worked at Guyoungtech was LeAnthony McCall, who was known as JJ. (Doc. 34-1 at 86-87; Doc. 35-1 at 4; Doc. 36-1 at 3; Doc. 37-1 at 2). McCall admitted to Plaintiff that he had heard she was pregnant, but she did not confirm or deny her pregnancy to him. (Doc. 34-1 at 99-100).[1] The only person Plaintiff discussed her pregnancy with at Guyoungtech was an older lady who worked on the day shift. (Doc. 34-1 at 96).[2] Plaintiff did not tell Dukes or

---

[1] For purposes of summary judgment only, the Court is considering Plaintiff's allegation on this subject, while recognizing that McCall claims that Plaintiff did not inform him of her pregnancy so he had no knowledge of it. (Doc. 37-1 at 2).

[2] Plaintiff also testified at deposition that two of her coworkers on the night shift LFA line mentioned to her that people were talking about her being pregnant. (Doc. 34-1 at

4

Leigh Ross, the Human Resources Manager, that she was pregnant. (Doc. 35-1 at 4; Doc. 36-1 at 3). No other employee made Dukes or Ross aware that Plaintiff was pregnant during her employment at Guyoungtech. (Doc. 35-1 at 4; Doc. 36-1 at 3).[3]

On July 11, 2014, Plaintiff reported to work for her regular night shift. (Doc. 34-1 at 90-91). Sometime after midnight, McCall handed her a termination slip. (Doc. 34-1 at 90-91). He did not say anything to her when he handed her the slip. (Doc. 34-1 at 91-92). The termination slip reflected that she was terminated on July 11, 2014 as part of a reduction in work force and was eligible for rehire. (Doc. 34-5). Dukes prepared and signed Plaintiff's termination paperwork, and she gave it to McCall to give to Plaintiff. (Doc. 36-1 at 5). According to Dukes, because of a reduction in the number of parts made by the Assembly department, she was advised that she was going to have to reduce employees in the UD line (the other line in the Assembly Department) by moving them to the LFA line. This necessitated a reduction of employees in the LFA line. (Doc. 36-1 at 4). Dukes stated in her Declaration that she selected Plaintiff because she was the last hire on the LFA line. (Doc. 36-1 at 4). Plaintiff never spoke to Dukes about her termination. (Doc. 34-1 at 92).

On the night she was terminated, Plaintiff was training a new employee, Anjovan Askew, on the LFA line. (Doc. 34-1 at 109). Askew was hired to work in the Assembly department at Guyoungtech on July 11, 2014. (Doc. 35-1 at 4; Doc. 35-8). Askew was a new hire, as opposed to a rehire. (Doc. 35-8). Askew commenced working at

---

96). Such testimony is clearly inadmissible hearsay. See *Zaben v. Air Prods. & Chems., Inc.,* 129 F.3d 1453, 1455-57 (11th Cir. 1997).

[3] Although Dukes stated in her Declaration that she did not know that Plaintiff was pregnant at the time of her termination, Ross's Declaration did not make this statement. She only testified that no one at Guyoungtech had made her aware of Plaintiff's pregancy. (Doc. 35-1 at 4; Doc. 36-1 at 3-4).

5

Guyoungtech on July 14, 2014. (Doc. 35-1 at 4). Askew worked on the LFA line in the Assembly department until September 11, 2014, when he was terminated by Dukes for three attendance violations while still on his 90-day probationary period. (Doc. 41-3 at 17).

IV. <u>Analysis</u>

The Pregnancy Discrimination Act of 1978 amended Title VII to make unlawful the act of discharging an employee "because of or on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k). "[F]or all Title VII purposes, discrimination based on a woman's pregnancy is, on its face, discrimination because of her sex." *Int'l Union, United Auto., Aerospace and Agr. Implement Workers of Am, UAW v. Johnson Controls, Inc.,* 499 U.S. 187, 199 (1991). Therefore, "[t]he analysis required for a pregnancy discrimination claim is the same type of analysis used in other Title VII sex discrimination suits." *Armindo v. Padlocker, Inc.*, 209 F.3d 1319, 1320 (11th Cir. 2000).

Plaintiff alleges a single motive for her termination, her pregnancy, and is relying upon circumstantial evidence to prove that she was intentionally terminated because she was pregnant. This being a single motive case, the *McDonnell Douglas* framework is applicable for evaluating her claim at the summary judgment stage. *See Quigg v. Thomas Cnty. Sch. Dist.*, 814 F.3d 1227, 1237-38 (11th Cir. 2016) (in a case of first impression, distinguishing between the appropriate analysis for single motive claims versus mixed motive claims at the summary judgment stage). Thus, pursuant to *McDonnell Douglas*, the plaintiff must first establish a prima facie case of intentional discrimination. *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1324-25 (11th Cir. 2011). To do so, the plaintiff

must show that: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably or she was replaced by a person outside of her protected class. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Smith*, 644 F.3d at 1325. If the plaintiff makes this showing, a presumption of discrimination is raised. *Smith*, 644 F.3d at 1325. The burden then shifts to the employer to rebut this presumption by showing that the adverse employment action was taken for some legitimate non-discriminatory reason. *Id*. If the employer meets this burden, the plaintiff must then show that the employer's proffered reason is a pretext for unlawful discrimination. *Id*.

Considering the evidence in the light most favorable to Plaintiff, as district courts must do at the summary judgment stage, the Court finds that plaintiff has established a prima facie case. In response, Guyoungtech has articulated a legitimate non-discriminatory reason for terminating Plaintiff, a reduction in force. However, there is sufficient evidence to lead a reasonable jury to find that the reason was a pretext for an impermissible reason, her pregnancy. This conclusion is based on the fact that a jury could find Guyoungtech's reason suspect in light of the fact that Askew was actually the most recent hire, and he remained in the job but for his own misconduct.

## V. Conclusion

For the reasons set forth above, it is **ORDERED** that Defendant's Motion for Summary Judgment (Doc. 32) is **DENIED**.

**DONE** and **ORDERED** this **29th** day of **September 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE**